IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>BERNIE FRANKLIN BRINGHURST,<br><br>  Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO QUASH AND REQUESTING FURTHER BRIEFING<br><br><br>Case No. 1:01-CR-35 TS |

Defendants Amy Leigh Engle (now Amy Bringhurst) and Bernie Franklin Bringhurst were indicted in a two-count Indictment on May 9, 2001.[1] Count I alleged bank larceny in violation of 18 U.S.C. § 2113(b).[2] Count II was a forfeiture count calling for the forfeiture of a vehicle and cash proceeds.[3] On July 20, 2001, Defendants appeared before Magistrate Judge Boyce.[4] Defendants consented to enter a plea before the Magistrate Judge.[5] Both Defendants

---

[1] Docket No. 9.

[2] *Id.*

[3] *Id.*

[4] Docket No. 27.

[5] *Id.*

1

pleaded guilty to Count I and did not contest Count II.[6]  Both Defendants were sentenced on October 3, 2001.[7]  The Court ordered Defendants to pay restitution, jointly and severally with each other, in the amount of $239,299.59.  Judgment was entered for Defendant Bringhurst on October 4, 2001,[8] and for Defendant Engle on October 5, 2001.[9]

On August 7, 2007, the government, pursuant to 28 U.S.C. 3205(b)(1), applied to the Court for a Writ of Garnishment to be issued against Defendant Bernie Franklin Bringhurst.[10]  The Application stated that the balance due of the restitution was $105,254.28, plus interest and costs.  Having met the requirements of § 3205(b), the Court issued a Writ of Garnishment on August 13, 2007.[11]  The Writ was served upon the Garnishee.  The Garnishee filed its Answer of August 28, 2007.[12]  The Answer stated that: Defendant Bernie Bringhurst was employed by the Garnishee; his net wage was $1,319.20 per every two-week period;[13] and 25% of this net wage would be $329.80.  Defendant then requested a hearing on September 6, 2007.[14]  In his hearing request, Defendant did not state whether he sought to quash the Writ or only modify it.  The Court has construed the hearing request as a Motion to Quash the Writ of Garnishment or, in the

---

[6]*Id*.

[7]Docket No. 32.

[8]Docket No. 34.

[9]Docket No. 33.

[10]Docket No. 40.

[11]Docket No. 41.

[12]Docket  No. 42.

[13]*Id*.

[14]Docket No. 43.

alternative, a Motion to Modify the Writ of Garnishment. The Court held a hearing on September 17, 2007.

The Federal Debt Collection Procedures Act ("FDCPA")[15] sets forth the exclusive civil procedures for the United States to recover a judgment on an amount that is owing to the United States on restitution.[16] Section 3205 of the FDCPA provides that "[a] court may issue a writ of garnishment . . . in order to satisfy the judgment against the debtor."[17] Sections 3202 and 3205 of the FDCPA provides instructions on how Defendant may challenge the order.[18] Section 3205 requires a party's objection to the writ to "state the grounds for the objection and bear the burden of proving such grounds."[19]

Under Subsection 3202(d), the issues at a hearing seeking to quash an order granting a enforcement remedy are limited: (1) to the probable validity of any claim of exemption by the judgment debtor; (2) to compliance with any statutory requirement for the issuance of the postjudgment remedy granted; and (3) if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue, to: (A) the probable validity of the claim for which the debt which is merged in the judgment; and (B) the existence of good cause for setting aside such judgment.

---

[15] 28 U.S.C. §§ 3001–3308.

[16] *Id*. §§ 3001(a)(1), 3002(3)(B).

[17] *Id*. § 3205(a).

[18] *See id*. §§ 3202(b), 3202(d), and 3205(c)(5).

[19] *Id*. § 3205(c)(5).

Defendant has failed to set forth any of these grounds.  Thus, to the extent that Defendant seeks to quash the Writ of Garnishment, his request is denied.

At the hearing, Defendant argued that he cannot afford to pay the 25% sought under the Writ.  Inability to pay is not set out as one of the factors listed in Subsection 3202(d).  Thus, Defendant's alleged inability to pay is not a sufficient reason to quash the Writ.  However, courts that have considered the issue have held that a Court may consider a Defendant's inability to pay under 28 U.S.C. § 3013.[20]  Section 3013 states that "[t]he court may at any time on its own initiative or the motion of any interested person, and after such notice as it may require, make an order denying, limiting, conditioning, regulating, extending, or modifying the use of any enforcement procedure under this chapter."

In order to assist the Court in making a determination as to whether the Writ of Garnishment issued in this case should be modified, the Court requires further information.  Therefore, Defendant shall submit a detailed financial affidavit setting forth, in detail, his income and monthly expenses.  Defendant shall file this information under seal and shall provide a copy to the government within 10 days of this order.

It is therefore

ORDERED that to the extent Defendant seeks to quash the Writ of Garnishment, that Motion (Docket No. 43) is DENIED.  It is further

ORDERED that Defendant file with the Court, under seal, the "Financial Statement of Debtor" form attached to the United States' Memorandum of Law (Docket No. 42) within 10

---

[20] *United States v. Ogburn*, --- F.Supp. 2d ---, 2007 WL 2309775, *4 (D. D.C. Aug. 14, 2007); *United States v. Crowther*, 473 F.Supp. 2d 729, 731 (N.D. Tex. 2007); *United States v. Kaye*, 93 F.Supp. 2d 196, 199 (D. Conn. 2000).

days of this Order.  It is further

ORDERED that the United States respond to any such filing within five (5) days thereafter.

SO ORDERED.

DATED this 3rd day of October,  2007.

BY THE COURT:

_____
TED STEWART
United States District Judge